SEE, Justice
(concurring in the result).
I agree that the trial court did not err in denying Green Tree’s motion to abate the Millses’ action. However, because I disagree with the main opinion’s analysis, I concur in only the result.
Ala.Code 1975, § 6 — 5—440, provides:
“No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pen-dency of the former is a good defense to the latter if commenced at different times.”
(Emphasis added.) As I stated in my concurrence in the result in Ex parte State Mutual Insurance Co., 715 So.2d 207 (Ala.1997), “[t]he purpose of this statute is to protect a party currently defending one action from having to defend another action subsequently filed in a different court by the same plaintiff, or class of plaintiffs, ‘for the same cause.’ ” 715 So.2d at 222. Applying § 6-5-440 to the facts of State Mutual, I argued that once a non-opt-out class action has been certified, a trial court, upon a timely motion, is required to abate any individual action for the same cause filed after the filing of the class action. See id.
Relying on my analysis in State Mutual, Green Tree argues that abatement of the Millses’ claims is required because similar actions seeking class certification were pending when the Millses filed their individual claims. Green Tree’s reliance on State Mutual, however, is misplaced because the retroactive effect of the certification of a class action is not at issue in this case. When Green Tree made its motion to dismiss, the previously filed actions had not been certified as class actions; accordingly, the Millses were not at that time “prosecuting] two actions in the courts of this state at the same time for the same cause and against the same party.” Ala. Code 1975, § 6-5-440. Thus, the trial court did not err in denying Green Tree’s motion to abate the Millses’ claims.
HOOPER, C.J., concurs.